USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 2, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
ANGELA I. OJIDE, JOSHUA E. OJIDE, PPA :
ANGELA I. OJIDE, :
:
Plaintiffs, :
: 17-cv-3224 (KBF)
-v- :
: OPINION & ORDER
AIR FRANCE, DELTA AIRLINES, INC., :
:
Defendants. :
:
------------------------------------------------------------ X

KATHERINE B. FORREST, District Judge:

On May 2, 2017, plaintiffs Angela I. Ojide and Joshua E. Ojide (PPA Angela I. Ojide) (together, "plaintiffs") commenced this action under Articles 17 and 19 of the Warsaw Convention, 49 U.S.C. §§ 40104-05, as amended by the Montreal Convention. Plaintiffs filed an Amended Complaint on May 30, 2017. (ECF No. 10.) Pending before the Court is defendants' partial motion to dismiss plaintiffs' Amended Complaint. For the reasons set forth below, that motion is GRANTED.

I.  BACKGROUND

The factual allegations below are drawn from plaintiffs' Amended Complaint, (ECF No. 10), and presumed true for purposes of this motion.

On May 23-24, 2016, Plaintiffs, Angelia Ojide and her son, Joshua, traveled from John F. Kennedy International Airport ("JFK") to Port Harcourt, Nigeria, with a layover in Charles De Gaulle International Airport ("Charles De Gaulle") in Paris, France. (Am. Compl. ¶¶ 9-10.) Plaintiffs checked four bags at the check-in counter

at JFK, one of which contained Joshua's medically prescribed nutrition. (Id. ¶¶ 12, 14.) At Charles De Gaulle, Defendant Air France compelled plaintiffs to check a carry-on bag that contained a smaller amount of Joshua's medically prescribed nutrition. (Id. ¶ 17.)

Upon plaintiffs' arrival in Nigeria, all five bags were missing; because plaintiffs had none of Joshua's medication, Joshua subsequently suffered from dehydration. (Id. ¶ 22.) The bags did not arrive for at least three days; as a result, on May 27, Angela "had to hurriedly depart Nigeria and return to the United States," causing plaintiffs to miss Angela's father's—and Joshua's grandfather's—burial. (Id. ¶¶ 21-22.) The bags never arrived in Nigeria, and they were delivered to Angela's home on May 31, 2016, allegedly in "severely damaged condition." (Id. ¶ 23.)

II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide grounds upon which their claim rests through "factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, the complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Twombly, 550

2

U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In applying that standard, the court accepts as true all well-pled factual allegations, but it does not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action."  Id.  Furthermore, the Court will give "no effect to legal conclusions couched as factual allegations."  Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twomblv, 550 U.S. at 555).  If the Court can infer no more than the mere possibility of misconduct from the factual averments—in other words, if the well-pled allegations of the complaint have not "nudged [plaintiff's] claims across the line from conceivable to plausible"—dismissal is appropriate.  Twombly, 550 U.S. at 570.

The Convention for the Unification of Certain Rules for International Carriage by Air, Art. 1 et seq., May 28, 1999, S. Treaty Doc. No. 106-45 (2000) (the "Montreal Convention") "applies to all international carriage of persons, baggage, or cargo performed by aircraft for rewards."  Montreal Convention, art. 1, § 1.  The Montreal Convention supersedes the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 137 L.N.T.S. 16 (the "Warsaw Convention").  The United States, France, and Nigeria are all signatories to the Montreal Convention.  See Uniting Aviation, Current Lists of Parties to Multilateral Air Law Treaties, Int'l Civil Aviation Org., https://www.icao.int/secretariat/legal/lists/current%20lists%20of%20parties/allitems

3

.aspx. An action for damages that occurs "in the carriage of passengers, baggage, and cargo" must be brought subject to the Montreal Convention. Montreal Convention, art. 29; see also Booker v. BWIA W. Indies Airways Ltd., 307 F. App'x 491, 493 (2d Cir. 2009) (holding that the Montreal Convention, rather than the Warsaw Convention, in an action where plaintiff sought damages for stolen and damaged baggage).

Under the Montreal Convention, an airline "carrier is liable for death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Montreal Convention, art. 17, § 1. To bring a claim alleging liability under Article 17, a plaintiff must establish that "(i) there has been an 'accident'; (ii) resulting in 'bodily injury'; and (iii) the incident took place while on board the aircraft or during the operations of embarking or disembarking." Sobol v. Cont'l Airlines, No. 05-cv-8992, 2006 WL 2742051, at *3 (S.D.N.Y. Sept. 26, 2006) (citing Montreal Convention, art. 17).

Article 19 of the Montreal Convention establishes carrier liability for "delay in the carriage by air of passengers, baggage or cargo." Montreal Convention, art. 19. Damages under this provision are limited to 1,000 Special Drawing Rights per passenger. Id. art. 22, § 2.

4

III. DISCUSSION

    A. First Cause of Action

Plaintiffs' first claim focuses on their lost and delayed baggage. Defendant Air France does not challenge that it is liable under Article 19 of the Montreal Convention. Air France has made an offer of judgment, (Defendants' Memorandum of Law in Support of Their Partial Motion to Dismiss the Amended Complaint Under Federal Rule of Civil Procedure 12(b)(6) at 1 n.2), so this claim remains open.[1]

    B. Second Cause of Action

Plaintiffs' alleged injuries in their second claim include dehydration, deprivation of food, and various forms of emotional distress. None of these is a "bodily injury" as defined under Article 17 of the Montreal Convention. Neither dehydration nor food deprivation are "bodily injuries" under the Convention. Vumbaca v. Terminal One Grp. Ass'n L.P., 859 F. Supp. 2d 343, 372 (E.D.N.Y. 2012) (holding that no physical injury was alleged when the plaintiff claimed she suffered from "dehydration, headache, nausea, disgust, hunger, thirst, and discomfort"). Nor may plaintiffs recover for emotional distress under the Convention. See E. Airlines, Inc. v. Floyd, 499 U.S. 530, 552 (1991) (holding that "an air carrier cannot be held liable under Article 17 when an accident has not caused a passenger to suffer death, physical injury, or physical manifestation of injury"); Ehrlich v. Am. Airlines, Inc.,

---

[1] The Court dismisses this claim as it pertains to defendant Delta Airlines as plaintiffs' Amended Complaint does not allege facts to support Delta's involvement. See Twombly, 550 U.S. 544.

5

360 F.3d 366, 401 (2d Cir. 2004) (holding that "mental injuries that are not caused by bodily injuries are not damage sustained in the event of . . . bodily injury" (internal quotation omitted)). And because neither dehydration nor food deprivation are bodily injuries, the emotional distress alleged did not arise from a qualifying injury. Furthermore, even if plaintiffs plausibly claimed an injury, nowhere do they allege that it was caused "on board the aircraft or in the course of any of the operations of embarking or disembarking," as required to establish liability under the Convention. Montreal Convention, art. 17, § 1. As such, this claim is DISMISSED.

IV. CONCLUSION

For the reasons stated above, the Court hereby GRANTS defendants' partial motion to dismiss at ECF No. 20. Plaintiffs' second claim is DISMISSED. The parties are to inform the Court within fourteen days of the issuance of this Opinion of the status of defendant Air France's offer of judgment on Claim 1.

SO ORDERED.

Dated:   New York, New York
         October 2, 2017

_____
KATHERINE B. FORREST
United States District Judge